UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Warren White, *et al.*,

Plaintiffs

vs.

USAA Casualty Insurance Company, *et al.*,

Defendants.

Case No. 2:26-cv-00269-MDC

**ORDER GRANTING UNILATERAL STIPULATION REGARDING DISCOVERY DISPUTE (ECF NO. 21) AND TO SHOW CAUSE**

Defendants filed a unilateral *Stipulation Regarding Discovery Dispute* ("Unilateral Stipulation") (ECF No. 21). They request that the Court order that plaintiffs submit to Rule 35 examinations "by Tutankhmen Pappoe, MD with the examination to take place at 4815 W. Russell Road, #6F, Las Vegas, NV 89118 at a date agreed to by [p]laintiffs [which] will consist of physical evaluation, review of medical records, range-of-motion testing, and pain assessment." *ECF No. 21* at 5-6. The Court **GRANTS** the Unilateral Stipulation and **ORDERS** plaintiffs and their counsel Liborius Agwara, Esq. to **SHOW CAUSE** for why they should not be sanctioned for failing to comply with the Court's 02/26/2026 Standing Order (ECF No. 8) and 08/27/26 Order (ECF No. 20). The reasoning is as follows.

## I. UNILATERAL STIPULATION

### a. Background

This is an insurance dispute case where plaintiffs allege that they were in a vehicle accident, sustained injuries, and are entitled to benefits under defendants' insurance policy issued to plaintiffs. *ECF No. 1-2*. Defendants filed a *Motion to Compel* (ECF No. 14), seeking to have plaintiffs submit to Rule 35 examinations and to extend the pretrial deadlines in this case. *ECF No. 14*. Plaintiffs filed an Opposition. *ECF No. 19*. The Court denied the *Motion to Compel* without prejudice in its 08/27/2026

Order, directing parties to follow the Court's 02/26/2026 Standing Order regarding this dispute. *ECF No. 20*.

**b. Analysis**

Defendants now bring this Unilateral Stipulation to compel plaintiffs to submit to Rule 35 examinations. Defendants also state that the plaintiffs did not join in the filing of the Unilateral Stipulation as required under the 02/26/2026 Standing Order, despite several requests to do.

On August 31, 2026, parties met and conferred regarding the examinations but could not come into an agreement. *ECF No. 21* at 3. Defendants then emailed plaintiffs' counsel Liborius Agwara, Esq. multiple times in September and October 2026, so that parties could jointly file a Stipulation Regarding Discovery Dispute. *Id.* at 3-4, *see ECF No. 21-1*. However, plaintiffs and Mr. Agwara failed to provide any written response regarding their position in this discovery dispute or otherwise join in the filing of this Stipulation. *ECF No. 21-1* at 2-4.[1] They have also not responded to the Unilateral Stipulation, which was filed more than two weeks ago on October 15, 2026.

Defendants have made good faith efforts to meet-and-confer with plaintiffs and to file a Stipulation Regarding Discovery Dispute with plaintiffs pursuant to the Court's 02/26/2026 Standing Order. For good cause shown and because plaintiffs did not participate in the filing of the Unilateral Stipulation or respond to it, the Court grants plaintiffs' unopposed request. Plaintiffs are compelled to submit to Rule 35 examinations. The examinations will be conducted by Tutankhmen Pappoe, MD and will take place at 4815 W. Russell Road, #6F, Las Vegas, NV 89118 on a date or dates agreed to by the parties.

//

//

---

[1] Mr. Agwara emailed on October 3, 2026 to request discussing this matter via WhatsApp or FaceTime. *ECF No. 21-1* at 2. However, there is no evidence that any conversation subsequently took place between the parties or that Mr. Agwara made any follow up communications regarding this dispute.

## II. ORDER TO SHOW CAUSE

The Court also issues an Order to Show Cause against plaintiffs and Mr. Agwara in this case. Specifically, they shall show cause for why they should not be sanctioned under Rule 16(f) for failing to follow the 02/26/2026 Standing Order and 08/27/26 Order (ECF No. 20). The Court's 02/26/26 Standing Order sets forth the process for raising discovery disputes to the Court, including filing a Stipulation Regarding Discovery Dispute. The Court's 08/27/26 Order expressly required the parties to raise the Rule 35 examination dispute via the Stipulation Regarding Discovery Dispute required by the 02/26/26 Standing Order. Parties are required to follow court orders. *Hinostroza v. Denny's Inc.*, No. 2:17-cv-02561-RFB-NJK, 2019 WL 236714, at *2 (D. Nev. January 16, 2019). The Court has "broad discretion to impose sanctions" when a party does not obey an order. *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). The Court also has wide authority to impose sanctions. The Court can impose sanctions pursuant to Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure. Under that rule, the Court may impose sanctions when a party "fails to obey a scheduling or other pretrial order." *Id.* A finding of bad faith under Rule 16 is not required. Sanctions per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). The Court may also impose "any and all appropriate" sanctions pursuant to Local Rule IA 11-8. *Id.* Finally, the Court may impose sanctions pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, n. 13 (1991).

Plaintiffs and Mr. Agwara shall file a response to this Order by **November 18, 2026**, showing cause, if any, why they should not be sanctioned for violating the Court's 02/26/2026 Standing Order and 08/27/26 Order. Plaintiffs and Mr. Agwara are cautioned that failure to show cause as directed by the Court or to otherwise comply with this Order may result in case terminating sanctions.

//

//

## III. CONCLUSION AND ORDER

Defendants' Unilateral Stipulation is granted as outlined in this Order. Plaintiffs and Mr. Agwara are also ordered to show cause for why they should not be sanctioned for violating the Court's 02/26/2026 Standing Order and 08/27/26 Order.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Defendants' unilateral *Stipulation Regarding Discovery Dispute* (ECF No. 21) is **GRANTED**.

2. Plaintiffs Warren White, Michelle Gidding-White, and Aneisha Peniston-Brock **SHALL SUBMIT** to Fed. R. Civ. P. 35 examinations. The examinations will be conducted by Tutankhmen Pappoe, MD and will take place at 4815 W. Russell Road, #6F, Las Vegas, NV 89118 on a date or dates agreed to by the parties and will consist of physical evaluation, review of medical records, range-of-motion testing, and pain assessment.

3. Plaintiffs and their counsel Liborius Agwara, Esq. shall file a response to this Order by **November 18, 2026**, showing cause, if any, why they should not be sanctioned for violating the Court's 02/26/2026 Standing Order (ECF No. 8) and 08/27/26 Order (ECF No. 20).

4. Plaintiffs' and Mr. Agwara's failure to show cause as directed by the Court or to otherwise comply with this Order may result in case terminating sanctions.

Dated: November 4, 2026.

IT IS SO ORDERED.

__________________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge